*W. M. Land*, for appellant.

*D. F. Embree*, for appellee.

———————o———————

## Gregg *v.* Matlock.

Statute of Limitations.—*Absence from the State on Public Business.— Volunteer Soldier.*—Absence from the State as a volunteer soldier or officer in the army of the United States constitutes absence on public business within the meaning of the statute which provides, that "the time during which the defendant is a non-resident of the State, or absent on public business,

shall not be computed in any of the periods of limitation" (2 G. & H. 161, sec. 216).

APPEAL from the Hendricks Circuit Court.

Gregg sued Matlock before a justice of the peace, on an account for sixty-eight dollars, for professional services as an attorney.

Answer, the statute of limitations.

Gregg recovered before the justice, and Matlock appealed to the circuit court.

Gregg, by leave of the court, filed an amended reply to the answer, alleging, in substance, that the cause of action accrued to the plaintiff on the —— day of April, 1862; and that the defendant left the State of Indiana on public business, to wit, as a volunteer in the army of the United States, on the —— day of August, 1862, and was absent from said State of Indiana, on public business, as an officer in the 70th regiment of Indiana volunteers, in the service of the United States, until the —— day of September, 1864, a period of over two years, after the cause of action accrued, and before six years had elapsed; that this suit was commenced before the justice of the peace who tried it, on the 28th of November, 1868, and, deducting the time that the defendant was absent from the State on public business as aforesaid, within six years after the cause of action accrued. The court sustained a demurrer to the reply, and, the plaintiff refusing to reply further, rendered final judgment for the defendant.

An exception was taken to the ruling on the demurrer. The correctness of that ruling is the question presented in this court.

ELLIOTT, C. J.—Actions on accounts and contracts not in writing, if not commenced within six years next after the cause of action accrues, are barred by the statute. 2 G. & H. 156, sec. 210. But section 216 provides, that "the time during which the defendant is a non-resident of the State, or absent on public business, shall not be computed in any

of the periods of limitation." Here, the reply alleges, that the cause of action accrued in April, 1862, and that the defendant left the State on public business, as a volunteer soldier in the army of the United States, in August of the same year, and so continued absent from the State, as an officer in the army of the United States, until September, 1864, a period of over two years; and that the suit was commenced on the 28th of November, 1868. It thus appears that the suit was commenced within six years and eight months next after the cause of action accrued; but if from that period there be deducted the time the defendant was absent from the State in the army, as alleged in the reply, a period of over two years, then the statute could not have run six years before the commencement of the suit. This leaves to be considered the question, does the absence from the State as a volunteer soldier or officer in the army of the United States constitute an absence on public business within the meaning of the statute? We think it does. The statute does not limit the exception to any particular kind or form of public business. A service in the army of the United States is a public service, required for the public good, and every person so employed is engaged in public business.

We think the reply a good one, and that the court erred in sustaining the demurrer to it.

Judgment reversed, with costs, and the cause remanded, with directions to the circuit court to overrule the demurrer to the reply, and for further proceedings.

RAY, J.—I cannot concur in the opinion of the majority of the court. Statutes of limitation are for the repose of debtors. It has been held, that a volunteer soldier or officer in the army of the United States does not lose his residence; he may be sued, and service may be had upon him by copy left at his place of residence. If thus exposed to litigation while absent, and yet excluded from the benefit of the statute, his absence "on public business" simply imposes upon

him a burden from which those who avoid such service are exempt. I cannot give the statute a construction which, in place of giving peace, prolongs litigation.

*C. C. Nave,* for appellant.

*L. M. Campbell,* for appellee.