# FANNY FINCH v. P. J. BURSHEIM.[1]

June 20, 1913.

Nos. 17,995—(99).

**Complaint.**
    1. Complaint held to state a cause of action.

**Action against physician for malpractice.**
    2. An action against a physician and surgeon to recover damages due to negligent and unskilful treatment of plaintiff is based on a breach of his contract to treat the plaintiff with ordinary professional skill and care and is an action on contract.

Action in the district court for Lincoln county to recover $5,125 for defendant's negligence as a physician and surgeon in his care of plaintiff. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. From an order, Olsen, J., overruling the demurrer, defendant appealed. Affirmed.

*Warren Miller,* for appellant.
*M. E. Mathews,* for respondent.

BUNN, J.

Appeal from an order overruling a demurrer to the complaint. Two questions are here for decision: (1) Does the complaint state a cause of action; (2) does it show that the right of action is barred by the statutes of limitation? The complaint alleges that on February 28, 1909, plaintiff employed defendant, a duly licensed and practicing physician and surgeon, "to set, adjust, care for and heal" a dislocated hip joint from which plaintiff was then suffering; that defendant "undertook * * * to set, adjust, care for and heal said joint;" that defendant negligently and unskilfully conducted

[1] Reported in 142 N. W. 143.

---

Note.—On the question of the time when limitation begins to run on liability for negligence or malpractice of physician, see note in 15 L.R.A.(N.S.) 161.

himself in the treatment of said injury, and failed to adjust, set or care for said joint, whereby the ligaments and muscles surrounding said joint became inflamed, weakened and diseased, so as to become very painful to plaintiff, and make him a cripple for life. General damages in the sum of $5,000 are alleged, and special damages pleaded.

1. The allegation that defendant "negligently and unskilfully" treated the injury after undertaking the case is clearly sufficient as against a demurrer. Perhaps a motion to make the complaint more definite and certain might have been sustained, but it is hardly open to serious question that the complaint states a cause of action, and we so hold.

2. Defendant contends that the right of action is barred by R. L. 1905, § 4078, subd. 1, which provides that "The following actions shall be commenced within two years: For libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury."

The construction placed upon this subdivision in Brown v. Village of Heron Lake, 67 Minn. 146, 69 N. W. 710 and Ott v. Great Northern Ry. Co. 70 Minn. 50, 72 N. W. 833, disposes of the contention that the cause of action stated in the complaint is within this subdivision, even conceding the action to be one in tort.

But the cause of action pleaded in this complaint is one on contract. Whittaker v. Collins, 34 Minn. 299, 25 N. W. 632, 57 Am. Rep. 55. It could not be maintained without pleading and proving the contract. The complaint here does plead the contract by alleging that plaintiff employed the defendant to set and care for the joint, and that he undertook to do so. The six year limitation applicable to actions upon contracts applies.

Order affirmed.