## HOTARD v. BRODR WILHELMSEN AKTIESELSKABET.

Circuit Court of Appeals, Fifth Circuit.
January 12, 1928.

No. 4996.

**1. Limitation of actions ☞105(2)—Filing libel in rem against ship held to interrupt running of state statute of limitations against owner, regardless of whether court had jurisdiction (Civ. Code La. art. 3518).**

Filing of libel in rem against ship *held* to interrupt running of state statute of limitations against owner personally, regardless of whether court has jurisdiction under Civ. Code La. art. 3518; Act La. No. 267 of 1914, § 27, providing that prescription shall be interrupted by filing suit in court having jurisdiction of action against corporation, being inapplicable.

**2. Limitation of actions ☞3(2)—Statutes providing for interruption of prescription by filing of suits held not in conflict (Act La. No. 267 of 1914, § 27; Civ. Code La. art. 3518).**

Act La. No. 267 of 1914, § 27, providing that prescription shall be interrupted by filing of suit in court having jurisdiction of action against corporation, a part of general corporation act, *held* not in conflict with Civ. Code La. art. 3518, providing for interruption of prescription by filing of suit and service of citation, whether court has jurisdiction or not, but is merely in addition to latter statute.

**3. Courts ☞366(1)—Federal court must follow state court's decision, interpreting state statutes.**

Federal court *held* bound to follow decision of state Supreme Court, where it interprets statutes of state.

**4. Evidence ☞82—Federal court cannot presume that state court, in determining effect on prescription of filing libel, overlooked state statute or jurisdiction of court where libel was found (Act. La. No. 267 of 1914, § 27).**

Circuit Court of Appeals cannot assume that state Supreme Court, in determining whether filing of libel in rem against ship would interrupt running of statute as to personal liability of owner, overlooked either want of jurisdiction of court where libel was filed or Act La. No. 267 of 1914, § 27, providing for interruption of prescription by filing suit in court having judrisdiction of action against corporation.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Action by Theophile O. Hotard against the Brodr Wilhelmsen Aktieselskabet, filed in state court, was removed to the United States District Court for the Eastern District of Louisiana. Judgment dismissing the action, and plaintiff brings error. Reversed and remanded.

W. J. Waguespack, Jr., of New Orleans, La. (Legier, McEnerny & Waguespack, of New Orleans, La., on the brief), for plaintiff in error.

John D. Grace, M. A. Grace, and Edwin H. Grace, all of New Orleans, La., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On June 25, 1923, the steamship Wayland, owned by defendant in error, ran into and damaged a dike which plaintiff in error was constructing in the Mississippi river near Pilot Town. On June 27, 1923, a libel in rem was filed against the ship in the Southern district of Alabama and she was seized under admiralty process. On February 26, 1925, that suit was dismissed for want of jurisdiction in admiralty. On October 2, 1925, the instant suit was filed in the civil district court for the parish of Orleans, Louisiana, and was removed to the United States District Court for the Eastern District of Louisiana. After removal, a plea of prescription of one year under the law of Louisiana was maintained, and the suit was dismissed on December 22, 1926.

[1] The Civil Code of Louisiana, in article 3518, provides for the interruption of pre-

scription by the filing of a suit and service of citation whether the court has jurisdiction or not. This article has been liberally construed by the Louisiana courts. Defendant in error, however, contends that prescription barring an action against a corporation is governed wholly by section 27 of Act 267 of 1914, a general corporation act, which provides that prescription shall be interrupted by the filing of a suit in a court having jurisdiction of the action against the corporation. The act also repeals any article of the Civil Code in conflict with its provisions. As supporting this contention, reliance is had on the case of Bank of Orleans v. Board of Commissioners, 145 La. 641, 82 So. 732. This case upholds the validity of the act of 1914, but does not go to the extent of holding that it is exclusive.

On April 25, 1927, the Supreme Court of Louisiana, in Board of Commissioners v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127, a suit in all respects similar to the one at bar, held that the filing of a libel in rem against a ship would interrupt the running of the statute as to the personal liability of the owner. In fairness to the District Court, it must be borne in mind that that decision had not been rendered when this case was decided below.

[2] Defendant in error seeks to distinguish the last-cited case, and advances the theory that the Louisiana Supreme Court evidently considered the federal court had jurisdiction of the interrupting suit. There is nothing in the language of the opinion to indicate that the court thought there was jurisdiction in rem in the admiralty court, and it is clearly recognized that there was no personal jurisdiction as against the corporation. The opinion does not mention Act 267 of 1914. It is quite evident that that act is not in conflict with article 3518 of the Civil Code, and is merely in addition thereto, allowing interruption of prescription by a suit in a court of competent jurisdiction without service of process.

[3, 4] We agree with the decision of the Supreme Court of Louisiana in Board of Commissioners v. Toyo Kisen Kaisha; but, if we did not, we would still be bound to follow it, as it interprets the statutes of Louisiana. We cannot assume that either Act 267 of 1914 or the want of jurisdiction of the federal court was overlooked in deciding the case. Rather the contrary presumption is to be indulged.

The judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion.