## GORE v. VEITH.
### No. 14843.

Court of Appeal of Louisiana. Orleans.
Oct. 15, 1934.

Fred G. Veith, of New Orleans, for appellant.

Gerald Netter, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for $112.50, the amount alleged to be due Dr. Samuel Davis Gore, under an agreement for the performance of dental work for the daughter of the defendant. The defense is, in effect, a plea of payment, and, in the alternative, the prescription of three years is pleaded.

From a judgment in plaintiff's favor, as prayed for, defendant has appealed.

The contention of defendant is that the prescription of three years established by article 3538, Rev. Civ. Code, applies to dentists, who may properly be included within the class of "physicians, surgeons and apothecaries" expressly mentioned. A dentist, it is said, is a physician or surgeon within the meaning of the article.

Without discussing whether the codal provision applies to dentists, except to say that it is at least doubtful because "prescription cannot be extended by analogy from one subject to another" (Derbes, Caballero & Miller v. Checker Cab Co., 12 La. App. 549, 126 So. 261), we find that in this case there was an oral contract between the parties and the prescription applicable is ten years under article 3544, Rev. Civ. Code. Derbes, Caballero & Miller v. Checker Cab Co., supra.

Dr. Gore specializes in orthodontia, which is a branch of the dental profession concerned with the straightening and adjustment of teeth. He agreed to furnish all necessary appliances and treat plaintiff's daughter, Miriam Veith, for a period of two years for the sum of $425, of which $125 was to be

824

paid in cash and the remainder in eight quarterly installments of $37.50 each. According to plaintiff's evidence, a total of $312.50 was paid, leaving a balance of $112.50 due under the contract.

Defendant contends that Dr. Gore's accounts were carelessly kept, and that at the time that he now claims that $112.50 was due, or at the conclusion of his contract, a letter, was written to defendant in which it was stated that a balance of $75 was due, and that just after receipt of this letter plaintiff telephoned to defendant's residence and stated that the bill for $75 was in error, and that, as a matter of fact, Mr. Veith's account had been overpaid. Plaintiff denies the sending of the bill for $75, as well as the statement concerning the overpayment of the account, and the defendant is unable to produce the bill which he claims he received, and did not show that any greater amount was paid on account than that for which he is credited by the plaintiff. The burden of proving payment is upon him who alleges it. Tung v. Cassagne, 18 La. App. 361, 137 So. 342, and authorities there cited.

We are of opinion that the judgment of the trial court was correct, and, for the reasons assigned, it is affirmed.

Affirmed.