No. 32,225

O. O. Travis, *Appellant,* v. Dr. M. L. Bishoff, *Appellee.*

(54 P. 2d 955)

Opinion filed March 7, 1936.

*J. H. Brady, N. E. Snyder,* both of Kansas City, *E. R. Sloan, W. Glenn Hamilton, F. A. Sloan* and *Eldon R. Sloan,* all of Topeka, for the appellant.

*William R. Smith, Ralph T. O'Neil, J. D. M. Hamilton* and *Barton E. Griffith,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, C. J.: The action was in form one by a patient to recover from a surgeon, Dr. M. L. Bishoff, for breach of an express oral

contract to perform an operation for relief of hernia in the manner required by good surgical practice. A demurrer to the petition was sustained, and plaintiff appeals.

The petition alleged plaintiff was an employee of the A. T. & S. F. Railroad Company. For a period of years he had been a member of the A. T. & S. F. Hospital Association, with dues paid. By virtue of his membership and payment of dues, he was entitled to surgical treatment at the association hospital. Defendant is a surgeon who is a member of the hospital association's staff. Plaintiff suffered from hernia and was given an order by an employee of the railroad company, which plaintiff delivered to defendant. Plaintiff consulted with defendant about plaintiff's condition, and defendant recommended an operation to correct the hernia. Plaintiff orally employed defendant to perform the operation and to give plaintiff proper care and treatment following the operation. Defendant orally agreed to perform the operation in accordance with the practice of good and prudent surgeons, and to give plaintiff proper care and treatment following the operation, which would be done in consideration of the dues paid by plaintiff to the hospital association. The operation was performed on October 23, 1930, and plaintiff remained in the hospital of the association under care, treatment and supervision of defendant until November 5, 1930, when he was discharged as cured. Defendant had violated the terms of the agreement in that the operation was not performed in a manner in accordance with the custom and practice of good and prudent surgeons. Consequences followed which defendant refused to correct, and plaintiff was obliged to undergo a second operation. Plaintiff would have been completely relieved if the first operation had been performed in a manner in accordance with the custom and practice of good and prudent surgeons. Due to acts of defendant in failing to perform the operation in a manner in accordance with the customs and practice of good and prudent surgeons, plaintiff's health was permanently injured. He suffered great pain for a long period of time. He was unable to perform work and labor. He was compelled to incur doctor and hospital bills in large sums, in an effort to relieve his condition. Wherefore plaintiff was damaged in the sum of $50,000.

Plaintiff brought his action on April 28, 1933. The demurrer to the petition was sustained on the ground the cause of action was barred by the two-year statute of limitations.

It will be observed plaintiff, as an employee of the railroad company, and as a member of the railroad company hospital association, was entitled to treatment at the hospital without any new, express or independent contract with anybody. He paid his dues to the hospital association in order that he might receive surgical treatment when necessary. He was invalided to the hospital for treatment. At the hospital he consulted the surgeon who was there, as a member of the hospital staff, to give plaintiff needed treatment. Plaintiff says, in effect, he proceeded to employ defendant as an individual to do what the hospital association was maintained to do, and was bound to do for him. The petition does not allege that plaintiff paid or agreed to pay defendant anything for his services. The dues which plaintiff had already paid to the hospital association, secured to him defendant's services as a member of the hospital staff. The contract which plaintiff says he made with defendant was a contract to perform an operation according to good surgical practice, a method which defendant, as a surgeon, was obliged to follow in any event, without any contract. Defendant's fault lay in the fact he failed to perform the operation in accordance with good surgical practice. Plaintiff suffered the damages which characteristically flow from malpractice.

The law of this state is realistic. Substance prevails over form. It is perfectly manifest that, notwithstanding the form given to the petition, the gravamen of the action was malpractice, which is a tort, and the action was barred by the two-year statute of limitations.

Plaintiff cites the case of *Ericson v. Charles*, 108 Kan. 205, 194 Pac. 652. In that case plaintiff's petition contained two causes of action for damages. The first was based on breach of contract by a surgeon to perform an operation according to proper surgical practice. The district court overruled a demurrer to that cause of action. Nobody complained. The ruling was not brought to this court for review. This court did not review the ruling, and the decision is not authority for casting what is, in fact, a malpractice action in the form of an action for breach of contract.

In the Ericson case, the second cause of action was one *ex delicto*. A demurrer to that cause of action was sustained on the ground the action was barred by the statute of limitations. This court approved the ruling.

The judgment of the district court is affirmed.