ELLIS, Judge.
Plaintiff, the owner of certain timber lands, entered into a contract with the defendant covering the sale of all the pine timber upon plaintiff’s lands 12 inches in diameter and up, 12 inches from the ground, and all hardwood 10 inches in diameter at 16 inches. Cedar and Pecan trees on the property were specifically excluded, and there was a further provision these were not to be cut or destroyed in any manner. Another provision bound the defendant to repair any fences that were destroyed or damaged in removing the timber. The contract was dated October 6, 1951 and the defendant was granted 18 months, or until April -8, 1953, to remove the timber.
The petition shows that between June of 1952 and January of 1953 the defendant cut 64 trees under size, being 6 to 8 inches, 12 inches above the ground, and 8 cedar trees. Other allegations are that the defendant broke down certain fences, did not repair them, and as a result, stock strayed into the plaintiff’s fields and destroyed some 5 acres of corn.
An exception of no right nor cause of action was filed and- overruled, which exception is not reurged here. A plea of prescription was also filed, and although counsel for the appellant states- that there was no ruling thereon, the minutes show that on May 17, 1954, for oral reasons, the lower court overruled this plea, which is reurged here.
Answer was filed,- and the defendant reconvened, seeking damages' upon the allegation that the plaintiffs had’ sold certain trees to another, which were covered by the contract, and which were worth $900. A trial upon the- merits resulted in judgment for the plaintiffs for the 8 cedar- trees cut in violation of the terms of the contract, in the amount of $160.
The defendant has appealed, and the plaintiffs are not seeking the other items of damage, but merely-an .affirmation of'the judgment below.
*750 The appellant maintains the plea of prescription should be sustained on the ground that since the cutting of the trees took place between June of 1952 and January of 1953 and no suit was filed until February 16, 1954, that more than one year had elapsed and the action would be barred by limitation. He argues that this action sounds in tort, and that Article 3536 of the LSA-Civil Code shows such actions are prescribed by one year, and that Article 3537 provides that the prescription runs “ * * * where land, timber or property has been injured, cut, damaged or destroyed from the date knowledge of such damage is received by the owner thereof.”
The pertinent part of Article 3536 reads:
“The following actions are also prescribed by one year:
“That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.”
It is true a landowner suing for the value of timber tortiously cut need not have full knowledge of the trespass, but only such as would require him to make inquiry, and he has only one year from the time he is first put on warning to file his suit. We so held in Reymond v. Sumrall, La.App., 67 So.2d 925, however, the prescription as stated by Article 3536 applies only to tort actions and not to those ex contractu. In Levin’s Auction Exchange v. Samuels, La.App., 28 So.2d 340, the defendant argued that although the claim for damages arose out of a breach of contract the one year prescription would apply because, according to the allegations of the plaintiff, the defendant obviously committed a tort when he refused to return certain goods to the plaintiff after repeated demand. The court stated the suit was primarily one for specific performance of a contract and, in the alternative, for damages for the breach thereof, and was accordingly governed by the prescription of 10 years under Article 3544 of the LSA-Civil Code, and not by the prescription of one year, pointing out that Articles 3534 and 3536 related to torts.
This case is somewhat similar to that of Transportation Equipment Co. v. Younger Bros., La.App., 34 So.2d 347. In this last case the plaintiff sued for the balance due for altering and rebuilding a tank trailer. The defendant reconvened for damages for the loss of the tank, claiming it exploded due to negligence of the employees of the plaintiff while it was being repaired. The plaintiff plead the prescription of one year to the reconventional demand, maintaining it was based in tort. The Court took the position that the demand was based on a contract, even though the acts complained of were due to negligence. It was further held that where a contract is breached by negligence, the party damaged may bring his suit either on breach of the contract or on the tort.
An examination of the petition in the case at bar shows the plaintiff elected to bring his suit ex contractu, and in fact a copy of the contract is attached to the petition.
The ruling of the trial court upon the plea of prescription was correct.
The lower court, with written reasons for judgment, held that the plaintiff had not proven the item of damages covering the cutting of 64 under size trees. He also held the plaintiff had failed to prove the damage to his fences with any legal certainty or the damage to his crops. He did allow damages for the 8 cedar trees which were cut since the defendant himself admitted he had cut these trees in violation of the terms of the contract.
Finding no manifest error in the lower court’s ruling upon the facts, we agree it was correct.
The amount awarded for the cedar trees of $20 each was based upon the fact that the plaintiff intended to build a home in their vicinity and consequently the trees were very valuable to him. We believe the award to be fair.
The judgment of the district court is affirmed.