Stephen J. KOZAN, Appellant,

v.

Dr. Glenn E. COMSTOCK, Appellee.

No. 17687.

United States Court of Appeals
Fifth Circuit.

Sept. 30, 1959.

---

Sylvia Roberts, New Orleans, La., Robert J. Mack, Joseph A. Sims, Hammond, La., H. Alva Brumfield, Baton Rouge, La., for appellant.

Peter H. Beer, Montgomery, Barnett, Brown & Read, New Orleans, La., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This is an appeal from an order of the United States District Court of the Eastern District of Louisiana dismissing, on a plea of prescription, the plaintiff's action for personal injuries based on allegations of malpractice. The decision turns on whether the one year prescription for torts or the ten year prescription for contracts applies. We hold that a malpractice suit sounds in tort, and we affirm the judgment of the district court.

The defendant, Dr. Glenn E. Comstock, is a licensed physician and surgeon, now practicing in New Orleans, Louisiana. Before World War II Dr. Comstock practiced in Gary, Indiana. The plaintiff, Stephen J. Kozan, a resident of Indiana, was one of the defendant's patients. Nineteen years ago Dr. Comstock treated a skin abrasion on Kozan's right leg. A cancer developed. April 21, 1940, Ko-

zan's leg was amputated at the hip. The complaint avers that the loss of Kozan's leg was caused by Dr. Comstock's negligence and lack of skill in failing to diagnose and treat the cancer.

Kozan filed suit against Dr. Comstock in the Lake Circuit Court of Lake County, Indiana on July 14, 1941. The defendant was never served. At the time, Dr. Comstock was on active duty as a medical officer in the United States Army and he served in this capacity during World War II. On March 17, 1954, the Lake Circuit Court ordered the case dropped from the docket, taxing the plaintiff with costs. There was no docket entry between the time when the suit was filed and the time when it was dropped. Kozan filed the present suit October 3, 1958 in the United States District Court for the Eastern District of Louisiana. On December 1, 1958, the Indiana court expunged the 1954 order and reinstated the suit on the pending calendar.[1]

## I.

■ The suit is in federal court on the basis of diversity of citizenship. In diversity cases federal courts are bound by the conflict of law rules of the state in which they are sitting. Wells v. Simond Abrasive Co., 1953, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211, 1214; 28

Tul.L.Rev. 856; Metropolitan Life Ins. Co. v. Haack, D.C.E.D.La.1943, 50 F. Supp. 55.

The problem then is the determination of the proper Louisiana conflict of laws rule. Article 13 of the Louisiana Code of Practice provides: "The forms, the effects, and the prescription of actions, are governed by the law of the place where they are brought * * *" This article expresses the general rule, supported by ample Louisiana authority,[2] that prescription is procedural and the law of the forum governs.[3]

■ The principle that the prescriptive law of the forum governs is not without exceptions. If a foreign statute of limitations not only bars the remedy but extinguishes the substantive right as well, then the forum will apply the limitation period of the foreign jurisdiction.[4] A statute of limitations extinguishes a substantive right only when the right was not known at common law but was created by a statute.[5] The present case does not fall within any exception to the general rule. An action in Indiana for personal injuries in a case such as this was well recognized by the common law of that state. The right is not one that was created by statute and no statute of limitations extinguishes the right. An Indiana statute bars an action against

1. This was in accordance with Ind.Stat. Ann. 2-608 (Burns, 1946):

"If after the commencement of an action, the plaintiff fails therein from any cause except negligence in the prosecution, or the action abate or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and shall be deemed a continuation of the first, for the purposes herein contemplated."

2. Roper v. Monroe Grocer Co., 1930, 171 La. 181, 129 So. 811, 75 A.L.R. 197; Newman v. Eldridge, 1902, 107 La. 315, 31 So. 688; Comment, 10 La.L.Rev. 374.

3. 3 Beale, Conflict of Laws § 603.1 (1935). As early as 1830, the Supreme Court of the United States said: "It is a well-settled principle that a statute of limitations is the law of the forum, and operates upon all who subject themselves to its jurisdiction." McCluny v. Silliman,

1830, 3 Pet. 270, 28 U.S. 270, 7 L.Ed. 676. The 5th Circuit has on various occasions affirmed the principle that the law of the forum governs prescription. See, e. g., LeMieux Bros. Corp. v. Armstrong, 5 Cir., 1937, 91 F.2d 445; Munos v. Southern Pacific Co., 5 Cir., 1892, 51 F. 188.

4. Comment, 10 La.L.Rev. 374, 377 (1950).

5. The most common example of a right that is created by statute is the action for wrongful death. In Lewis v. Reconstruction Finance Corporation, 1949, 85 U.S.App.D.C. 339, 177 F.2d 654, a federal district court in the District of Columbia applied the Nebraska statute of limitations to an action for wrongful death where the cause of action arose in Nebraska. In Martinez v. Missouri Pacific R.R. Co., Mo.1956, 296 S.W.2d 90, a state court in Missouri applied the Louisiana law of prescription to an action for wrongful death.

a physician or surgeon unless it is filed within two years,[6] but the statute does not destroy the substantive right after the expiration of two years.

## II.

The serious question before us is determining which prescriptive period is applicable. If the action sounds in contract the prescriptive period is ten years.[7] If it is a tort action then the suit is barred after one year.[8]

Louisiana courts have not passed directly on the question. The plaintiff cites various cases to support his contention that it is a contract suit.[9] With the exception of O'Ferrall v. Nashville Bridge Co., 1928, 165 La. 963, 116 So. 399, the cases cited do not involve a suit between physician and patient.[10] The other cases are authority only for the broad principle that often a plaintiff may elect to sue in tort or on an implied contract, but they provide small enlightenment on the problem of whether a malpractice suit against a physician sounds in tort or in contract. The O'Ferrall case did involve a physician, but he appeared in the role of a plaintiff who was suing an employer for the cost of treatment rendered to employees of the defendant at the request of the defendant. The court, properly, treated the action as one in implied contract. The case did not involve and the court did not discuss the question of whether the suit was in tort or in contract.

The plaintiff argues that the O'Ferrall case established that the physician-patient relationship is one of contract and if a physician may sue for his fee in contract then the patient should have a corresponding right to sue in contract.[11] There is a substantial difference between a physician suing an employer of persons whom the physician treated for his fee and a patient suing a physician for injuries suffered. In the first situation the establishment of a contractual relationship is essential, for otherwise there is no basis upon which a third party can be sued. In a suit by a patient against a physician for injuries suffered it is not essential that a contractual relationship exist. The duty owed by the physician to the patient arises as a matter of law and the physician is liable for a breach of this duty.

6. Ind.Stat.Ann. 2–627 (Burns, 1946).

7. Art. 3544, LSA–Civil Code of 1870.

8. Art. 3536, LSA–Civil Code of 1870.

9. Pure Oil Co. v. Geotechnical Corp., D.C. E.D.La.1955, 129 F.Supp. 194; Johnson v. Kennedy, 1958, 235 La. 212, 103 So. 93; Oberling v. Miller, La.App.1956, 86 So.2d 748; Transportation Equipment Co. v. Younger Bros., La.App.1948, 34 So.2d 347; O'Ferrall v. Nashville Bridge Co., 1928, 165 La. 963, 116 So. 399.

10. In the Pure Oil Co. case an oil company was suing to recover for payments it made to the crew of its vessel who were injured in an explosion caused by defendant's negligence. The defendant was a geophysical exploration company which had contracted to hold the plaintiff harmless from loss caused by the negligence of the defendant. There was an express contract between the plaintiff and the defendant, and the court held that the plaintiff could bring an action ex contractu or ex delicto. In the Transportation Equipment Co. case an owner of a gasoline tank trailer filed a reconventional demand for the value of a destroyed trailer. The defendant in reconvention had contracted to repair the trailer. There was an express contract in that case, and there is no similarity between the parties there involved and the relationship of physician and patient. The Oberling case involved an action on a contract to cut trees. The Johnson case involved a suit by a rice farmer for damages to rice which he had stored in bins that the defendant had poorly constructed. The most that can be said for these cases is that they show that where there is a contract an action may be brought for breach of this contract though the breach was caused by the negligence of one of the contracting parties.

11. In Gore v. Veith, La.App.1934, 156 So. 823, a dentist had agreed to do a certain amount of dental work on a patient for a certain price. The dentist sued the patient's father for the price of the dental work. The court held that there was an oral contract between the parties and the applicable prescriptive period was ten years.

The cases relied upon by the defendant also are not decisive. Mournet v. Sumner, 1932, 19 La.App. 346, 139 So. 728, was a suit against a dentist for the wrongful death of the plaintiff's wife. The suit was brought under Article 2315 of the LSA–Civil Code and was, naturally enough, treated by the court as a tort suit. The case did not involve any question of prescription or election of remedies. Perrin v. Rodriguez, La.App. 1934, 153 So. 555, was a malpractice suit against a dentist. The defendant pleaded one year prescription. The court referred to the action as being ex delicto, and both parties evidently considered it as a tort action, but the court was not squarely faced with the issue before us.

We find that the Louisiana cases are inconclusive, although the author of a thoughtful note in 23 Tulane Law Review 536 (1948) states that Article 2315 and 2316 [12] seem to have been relied upon in Louisiana to the exclusion of the theory of implied contract between physician and patient.[13]

Decisions in other states may be divided into three categories.[14] Some states hold that the action sounds in tort and is subject to the shorter statute of limitations applicable to tort actions. Other states hold that it may be brought in tort or in implied contract. A third approach is represented by those states which have a specific statute of limitations that applies to malpractice suits against physicians and surgeons.[15]

The causes of action in tort and in breach of contract for malpractice are

12. These articles from the LSA–Civil Code of 1870 are the bases for tort suits in Louisiana.

13. The authority for the author's conclusion that malpractice suits are based on articles 2315 and 2316 is the Mournet case, discussed in text supra.

14. As to the various state positions in general see 74 A.L.R. 1256; 151 A.L.R. 1027; 41 Am.Jur., Physicians and Surgeons § 122.

15. California is one of the states that clearly holds that the action sounds in tort. "It is the settled law in this state that an action by a patient against a physician and surgeon for injuries sustained by the former, by reason of the negligent or unskilled treatment of the latter, is an action sounding in tort and not upon a contract. Such an action is therefore barred * * * one year after the date of the injury." Huysman v. Kirsch, 1936, 6 Cal.2d 302, 57 P.2d 908, 910. The action is subject to the one year prescription for torts even though there is an express contract between a hospital and the patient. Harding v. Liberty Hospital Corp., 1918, 177 Cal. 520, 171 P. 98. The Tennessee position is expressed as follows: "The law is settled in Tennessee to the effect that the statute of limitations of one year applies to action for personal injuries, regardless of whether the action sounds in tort or in contract." Hall v. De Saussure, Tenn. App.1956, 297 S.W.2d 81, 85. The Texas position is that malpractice suits are barred after two years under the statute which declares that actions for injury done to persons must be commenced within two years. Thompson v. Barnard, Tex.Civ.App.1940, 142 S.W.2d 238. In Kansas the action must be brought within two years. "The law of this state is realistic. Substance prevails over form. It is perfectly manifest that, notwithstanding the form given to the petition, the gravamen of the action was malpractice, which is a tort, and the action was barred by the two-year statute of limitations." Travis v. Bishoff, 1936, 143 Kan. 283, 54 P.2d 955, 956.

Several states allow the patient to sue in either tort or contract and thus give him the benefit of a longer period of limitations. Alabama and Georgia look upon the relationship as contractual in nature and allow the plaintiff to sue for breach of contract where the cause of action would otherwise be barred by the shorter limitation on actions to recover for personal injuries. Knowles v. Dark & Boswell, 1924, 211 Ala. 59, 99 So. 312; Sellers v. Noah, 1923, 209 Ala. 103, 95 So. 167; Stokes v. Wright, 1917, 20 Ga.App. 325, 93 S.E. 27. In Minnesota if the plaintiff pleads a contract then the six year statute, rather than the two year statute, applies. Finch v. Bursheim, 1913, 122 Minn. 152, 142 N.W. 143. These states recognize that a cause of action sounding in either tort or contract may arise out of the same transaction and the form of the petition is determinative. 74 A.L.R. 1260; 151 A.L.R. 1031.

Many jurisdictions have recognized the fact that an action for malpractice is nei-

dissimilar as to theory, proof, and recoverable damages.[16] Here, in order to prove negligence Kozan would have to show that Dr. Comstock failed to use the degree of medical skill that other physicians in Gary, Indiana, would have used under similar circumstances. To prove breach of contract, Kozan would have to prove that the defendant did not perform as he agreed to do.

█ It is the nature of the duty breached that should determine whether the action is in tort or in contract. To determine the duty one must examine the patient-physician relationship. It is true that usually a consensual relationship exists and the physician agrees impliedly to treat the patient in a proper manner. Thus, a malpractice suit is inextricably bound up with the idea of breach of implied contract. However, the patient-physician relationship, and the corresponding duty that is owed, is not one that is completely dependent upon a con-

ther a purely tortious or contractual action, but is a hybrid and expressly provide a particular limitation for such actions. See, e. g., Ark.Stat. § 37–205; N.Y.Civil Practice Act § 50, subd. 1. Missouri has such a statute and has held that this statute barred a malpractice action after two years even though the plaintiff framed his petition in contract terms. Barnhoff v. Aldridge, 1931, 327 Mo. 767, 38 S.W.2d 1029, 74 A.L.R. 1252. Where there is an express statute pertaining to malpractice suits there would seem to be no difficulty. However, if the statute begins to run when the negligent act occurs then problems arise because the patient may not discover his injury until after the running of the limitation period. To alleviate the harshness of this results even some of the states having an express statute governing malpractice suits have allowed plaintiffs to sue in implied contract in order to secure the benefit of a longer period of limitation. Robins v. Finestone, 1955, 308 N.Y. 543, 127 N.W. 2d 330; Note, 2 N.Y.L. Forum 121 (1956); Note, Syracuse L.Rev. 165 (1955). See also The Statute of Limitations Applicable to Malpractice Actions in New York, 11 N.Y.U.Intra.L.Rev. 190 (1955).

Indiana is now one of the states which has a specific limitation on actions against physicians. "No action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, shall be brought, commenced or maintained, in any of the courts of this state against physicians, surgeons, hospitals, sanitariums, or others, unless said action is filed within two (2) years from the date of the act, omission or neglect complained of." Ind.Stat.Ann. § 2–627 (Burns, 1946). This statute became effective 90 days after its date of enactment on March 6, 1941. Thus, though the statute was not in effect when the plaintiff's cause of action arose, it was in force before plaintiff filed suit in Indiana. The question of whether a limitation statute is retroactive is a difficult one. See 74 A.L.R. 1265 and 151 A.L.R. 1034. As we have already decided that the Louisiana law of prescription applies, we need not determine whether the Indiana statute barring suits after two years was retroactive in its applicability. In addition, the plaintiff filed suit in Indiana within two years from the time his leg was amputated. Prior to the enactment of this statute, the Indiana position on which statute of limitations applied to malpractice suits was not clear. The limitation period for personal injuries is two years. Ind.Stat. Ann. § 2–202 (Burns, 1946). The period for contracts not in writing is six years. Section 2–601. An old case holds that the action is one in contract. Staley v. Jameson, 1874, 46 Ind. 159, 15 Am.Rep. 285. This position was restricted by a later case which held that an action for malpractice was an action for personal injuries that did not survive the death of the patient. Boor v. Lowrey, 1885, 103 Ind. 468, 3 N.E. 151, 53 Am.Rep. 519. Then, the court in Lane v. Boicourt, 1891, 128 Ind. 420, 27 N.E. 1111, said that despite the Boor case malpractice suits could be brought in either tort or contract. However, the federal court for the 6th Circuit has indicated that the two year limitation would have been applied had the question again been raised in Indiana. Baltimore & Ohio Railroad Co. v. Reed, 1915, 6 Cir., 223 F. 689. It is clear that malpractice suits are now governed by the specific Indiana statute and must be brought within two years. Guy v. Schuldt, 1956, 236 Ind. 101, 138 N.E.2d 891.

16. As a general rule a plaintiff in a suit for breach of contract cannot get damages for pain and suffering. But see Stewart v. Rudner, 349 Mich. 459, 84 N.W.2d 816; 21 NACCA L.J. 29 (1958), where a patient sued in contract and recovered damages for mental suffering.

tract theory. There are instances in which the relationship exists though there is clearly no contractual relationship between the patient and the physician. Thus, the patient may be incapable of contracting or a third person may have contracted with the physician for the treatment of the patient. Even in these instances in which no contract is present the physician still owes a duty to the patient. The duty of due care is imposed by law and is something over and above any contractual duty. Certainly, a physician could not avoid liability for negligent conduct by having contracted not to be liable for negligence. The duty is owed in all cases, and a breach of this duty constitutes a tort. On principle then, we consider a malpractice action as tortious in nature whether the duty grows out of a contractual relation or has no origin in contract. This view that malpractice suits are tortious in nature probably represents the majority view.[17]

We do not mean to say that there can never be a contractual action against a physician. Generally, a physician undertakes only to utilize his best skill and judgment. When he negligently fails to do so he may have committed a tort. However, a physician may, by express contract, agree to effect a cure or warrant that a particular result will be obtained. In such instances an action in contract may lie against a physician.[18] However, in the absence of a special warranty or contract, a malpractice suit against a physician is an action in tort and is subject to the limitation period for tort actions.

### III.

■ Since we hold that this suit sounds in tort, the plaintiff's cause of action was barred one year after the discovery of the injury, unless prescription was somehow interrupted. It is plaintiff's contention that filing suit in Indiana on July 14, 1941 interrupted prescription. If suit were timely filed in Indiana this would have interrupted the running of prescription in Louisiana.[19] Though the Louisiana courts have shown a liberal tendency as regards interruption of prescription,[20] the question of interruption does not arise in this case. The plaintiff's cause of action arose in Indiana when his leg was amputated, April 21, 1940, but the Indiana suit was not filed until July 14, 1941. Since the plaintiff allowed more than one year to lapse before filing his suit, the cause of action was barred by the Louisiana law of pre-

17. Miller, The Contractual Liability of Physicians and Surgeons, 1953 Wash. U.L.Q. 413; Note, 32 Ind.L.J. 528 (1957); 41 Am.Jur. Physicians and Surgeons § 122; 70 C.J.S. Physicians and Surgeons § 57.

18. If the physician has guaranteed a cure or warranted a certain result then the courts of other states are more prone to look upon an action by the patient as one in contract. See cases annotated in 74 A.L.R. 1262 and 151 A.L.R. 1031.

19. La.R.S. of 1950, 9:5801 provides: "The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts." There is nothing in the statute that indicates that its application is to be restricted to suits filed in Louisiana courts. Comment, 14 Tul. L.Rev. 601 (1940). Both Louisiana and federal courts have held that filing suit in another jurisdiction interrupts prescrip-

tion. In Le Mieux Bros Corp. v. Armstrong, 5 Cir., 1937, 91 F.2d 445, it was held that filing suit in Texas and in Louisiana interrupted prescription on a suit filed in the U. S. Federal District Court for the Southern District of Mississippi. In Rhinehart v. Doswell, 1851, 6 La.Ann. 766, a suit filed in state court in Texas in 1840 interrupted prescription to the extent that plaintiff's cause of action was still viable when it was filed in a Louisiana court in 1849. Filing a libel in rem against a ship interrupts prescription on a later suit against its owner for personal liability. Hotard v. Brodr Wilhelmsen Aktielskabet, 5 Cir., 1928, 23 F. 2d 668; Board of Commissioners of Port of New Orleans v. Toyo Kisen Kaisha, 1927, 163 La. 865, 113 So. 127.

20. Jackson v. American Employers' Ins. Co., 1942, 202 La. 23, 11 So.2d 225, 17 Tul.L.Rev. 664 (suing the wrong insurer interrupts prescription). See also Schrader v. Coleman E. Adler & Sons, 1954, 225 La. 352, 72 So.2d 872.

scription before the alleged interruption ever took place.

## IV.

Two other points raised by the plaintiff may be dispensed with briefly.

The plaintiff asserts that the Indiana statute of limitations did not run, because the defendant was absent from the state while this cause of action was pending in the Indiana court.[21] The parties to this suit are in disagreement as to the correct construction of the statute.[22] This court does not have to resolve that question. We decided, as stated at the outset of this opinion, that the Louisiana law of prescription and interruption of prescription, govern the disposition of this case. The Indiana statute on interruption has no effect in a suit in federal district court in Louisiana.

■ The final argument of the plaintiff is that the "Full Faith and Credit" clause of the United States Constitution, art. 4, § 1, requires that we entertain this suit. The clause has never been interpreted to require that a federal district court hear a cause of action that is clearly barred by the prescriptive rules of the state in which the court is sitting. The plaintiff has shown us no reason why this case falls outside the general rule that matters of prescription are subject to the lex fori.

We affirm.

JOHN R. BROWN, Circuit Judge.
I concur in the result.

---

21. "The time during which the defendant is a nonresident of the state or absent on public business shall not be computed in any of the periods of limitations; but when a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defense here as though it had arisen in this state: Provided, that the provisions of this section shall be construed to apply only to causes of action arising without this state." Ind.Stat.Ann. 2–606 (Burns, 1946.)

22. The plaintiff cites only the first sentence of the above statute and contends that the statute of limitations did not run as the defendant was absent from Indiana. The defendant cites the second clause and contends that the Louisiana law had barred the plaintiff's cause of action. When the third clause is read with the rest of the statute it would seem to make the entire statute inapplicable in this case because the plaintiff's cause of action arose in Indiana. However, as the statute has been interpreted by the Indiana court the first clause applies to *all* causes of action, and it is only the second clause that is limited by the proviso that the cause of action must have arisen outside Indiana. The Mechanics Building Association v. Whitacre, 1883, 92 Ind. 547, 555.

Thus, if the Indiana law of interruption applied, the correct application would be to interrupt the running of the limitation period while the defendant was absent from the state. The absence referred to in the statute applies to absence while in military service. Gregg v. Matlock, 1869, 31 Ind. 373.