164 So.2d 151 (1964)
Jimmy Neil Moak SANSONE et al.
v.
LOUISIANA POWER & LIGHT CO.
No. 6121.
Court of Appeal of Louisiana, First Circuit.
April 6, 1964.
Rehearing Denied June 1, 1964.
Writ Refused June 30, 1964.
Grover L. Covington, Kentwood, for appellants.
*152 Monroe & Lemann, by Eugene G. Taggart, New Orleans, and Reid & Macy, by Arthur W. Macy, Hammond, for appellee.
Before ELLIS, LOTTINGER, HERGET and LANDRY, JJ.
LANDRY, Judge.
Plaintiffs, Emma Tate Moak, widow of the late James Moak, and Jimmy Nell Moak Sansone, a minor emancipated by marriage, issue of the marriage between plaintiff, Emma Tate Moak, and the aforenamed decedent, bring this joint action against defendant, Louisiana Power & Light Co., for damages for the alleged wrongful death of their said husband and father, respectively. In addition to her own claim, the widow, Mrs. Moak, also asserts a demand on behalf of the minor, Linda Diane Moak, issue of the marriage between said plaintiff and decedent. From the judgment of the trial court sustaining a plea of one-year's prescription entered by defendant and dismissing and rejecting plaintiffs' demands, plaintiffs have appealed.
It is undisputed the fatal accident occurred March 1, 1960, on which date decedent was electrocuted while engaged in relocating a pile driver near defendant's power lines. Similarly, it is conceded these present actions were filed in the Twenty-first Judicial District Court, Tangipahoa Parish, on April 6, 1962.
Appellants admit the applicability herein of LSA-C.C. Article 3536 which provides that actions ex delicto prescribe in one year from the date the cause of action arose and acknowledge that their claims must be held to have prescribed unless they can show interruption of the prescriptive period which commenced to run March 1, 1960. In this regard appellants maintain the running of the prescriptive period was in fact interrupted by the filing of a suit in the United States District Court for the Eastern District of Louisiana, Baton Rouge Division, on February 6, 1961, in which action these same causes of action were asserted against defendant.
Since the suit filed in Federal Court is relied upon by appellants as having interrupted prescription on their respective claims, narration of the history of that suit is indispensable to a full understanding of the issues herein presented for resolution.
As previously stated, the Federal Court action was instituted February 6, 1961, (within the one year period). Although summons was issued by the Clerk of said Court on February 7, 1961, it was not received by the U. S. Marshal in New Orleans, Louisiana, (where defendant's principal place of business is situated), until February 20, 1961. On March 2, 1961, an attempt was made to serve defendant corporation through its registered agent for service, F. Raburn Monroe, but without success inasmuch as said agent was not in his office. Subsequently, on March 3, 1961, service was made upon defendant through Melvin J. Schwartzman, partner of Monroe and occupant of the same office.
Thereafter, on November 28, 1961, defendant served notice of intention to take the testimony of plaintiff, Emma Tate Moak, by oral examination on December 14, 1961. No further action having been taken in the matter, the case was placed on the call docket on December 8, 1961, to be dismissed if no action were taken therein before December 15, 1961. (Counsel for appellants represents in his brief that at this point plaintiffs moved for judgment by default and gave notice of the hearing of said motion on December 15, 1961. This motion, however, does not appear of record in this present proceeding). On December 12, 1961, defendant moved for a change of venue to the New Orleans Division on the assertion its principal place of business was in New Orleans, Louisiana, as evidenced by a certificate to that effect by the Secretary of State of the State of Louisiana, said certificate being appended to defendant's said motion. When the matter came up December 15, 1961, on the call docket, it was passed. Defendant's motion to transfer to the New Orleans Division *153 was submitted January 5, 1962, by agreement of counsel. On February 26, 1962, the United States District Court, Baton Rouge Division, denied defendant's motion to transfer and dismissed plaintiff's suit, on its own motion, for lack of jurisdiction. The per curiam entered by the court states in full as follows:
"PER CURIAM
"The record in this case affirmatively shows that the plaintiff is a resident of the State of Louisiana and a citizen of the State of Louisiana, and the record further shows that the defendant, Louisiana Power and Light Company, while being a corporation organized and incorporated under the laws of the State of Florida, nevertheless, it has its principal place of business in New Orleans, Louisiana, and hence there is no diversity of citizenship which is necessary to Federal Court jurisdiction. 28 U.S.C. § 1332."
We believe it unnecessary to trace the history of the various codal provisions governing the interruption of prescription by judicial action. It suffices, we believe, to state the provisions pertinent to the issue before the court are LSA-C.C. Article 3518, LSA-R.S. 12:66 and LSA-R.S. 9:5801
With respect to interruption of prescription by institution of judicial demand LSA-C.C. Article 3518 provides as follows:
"Art. 3518. Legal interruption by filing of suit
"A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not. The provisions of this article likewise apply to actions ex delicto, heretofore or hereafter filed, in a United States District Court of America, when and if said court holds it is not a court of competent jurisdiction. (As amended by Acts 1954, No. 532, § 1.)"
Regarding corporations the rule is set forth in LSA-R.S. 12:66 which, in its entirety, states:
"§ 66. Interruption of prescription
"In all suits against corporations, all prescriptions against corporations shall be interrupted by the filing of the suit in the court having jurisdiction of the action against the corporation."
LSA-R.S. 9:5801, which governs interruption of prescription by the filing of suit as well as actual service of process, declares:
"§ 5801. Interruption of prescription by filing of suit, service or process
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1."
In summation, the foregoing applicable statutes provide interruption of prescription by judicial action or institution of judicial demand is accomplished (1) by citation or service of process, as to any defendant actually served, irrespective of the competency of the court in which the action is instituted; (2) by the mere "filing of the suit in the court having jurisdiction of the action against the corporation", in suits against corporate defendants; and (3) by the commencement of a civil action in a court of proper jurisdiction and venue, as to all persons other than corporate defendants.
*154 For purposes of disposing of the present issue we deem it sufficient to state our examination of the prior jurisprudence reveals the provisions of LSA-R.S. 12:66 and LSA-R.S. 9:5801 were not considered to be in conflict prior to the 1960 amendment of the latter statute. See Hotard v. Brodr Wilhelmsen Aktieselskabet, 5 Cir., 23 F.2d 668. Also pertinent and important to the present discussion is the fact that the 1960 amendment to LSA-R.S. 9:5801 made no change in the prior rules as evidenced by the explanatory note to LSA-R.S. 9:5801 by Henry G. McMahon and Comment (e) under LSA-C.C.P. Article 421.
In the present case there was no service of process within the prescriptive period. Consequently, it would appear that if prescription were legally interrupted herein such interruption must have resulted from the filing of suit in a court having jurisdiction of the action against defendant corporation.
Appellants herein, however, make the following contentions: (1) the delay of twenty-four days which elapsed between the time summons was issued by the Clerk and its service by the Marshal is not attributable to appellants; (2) the United States District Court, Eastern District of Louisiana, Baton Rouge Division, wherein suit was filed, possessed jurisdiction of defendant consequently the mere filing of suit interrupted prescription; and (3) defendant waived jurisdiction by appearing and moving to take plaintiff's deposition and by further moving to change the venue of the action.
We find no merit in the contention appellants should not be charged with the delay in service which occurred in the Federal Court action. Prior to enactment of LSA-R.S. 9:5801 by the passage of Act 39 of 1932, prescription was interrupted only by the service of process on defendant within the prescriptive period. LSA-C.C. Article 3518. The obvious purpose of Act 39 of 1932 (LSA-R.S. 9:5801) which provides prescription is interrupted by the mere filing of suit in a court of competent jurisdiction was to relieve plaintiff of the disastrous effects of delayed service in instances wherein suit was timely filed in a court having jurisdiction over defendant. Obviously plaintiff has no control over the time or manner in which process is served and should not be penalized for the failure of an official charged with the responsibility of making service to timely and properly discharge his duty.
Irrespective of service on defendant within the year following the accident, plaintiffs could have interrupted prescription by the simple expedient of merely filing suit in a court of proper jurisdiction. It is at once obvious defendant has no voice in the selection by plaintiff of the forum. The choice of forum, where an election exists, rests solely with plaintiff. The responsibility of choosing a forum having jurisdiction rests with plaintiff. If plaintiff elects a forum having no jurisdiction, the fault is plaintiff's and in such instances regardless of the reason for delay, if service is not obtained within the year, prescription will run on plaintiff's claim.
Appellants acknowledge the alleged jurisdiction of the Federal Court in which action was initially instituted is predicated upon the diversity of citizenship provisions of Title 28 U.S.C.A. § 1332, which in effect provides Federal District Courts have original jurisdiction of all civil claims wherein the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs, and is between, inter alia, citizens of different states.
Defendant corporation concedes it is domiciled in the State of Florida but contends its principal place of business is in New Orleans, Louisiana, and argues there is no diversity of citizenship between plaintiffs and defendant because of the provisions of Title 28 U.S.C.A. § 1332(c) which states that for the purpose of determining jurisdiction of Federal Courts pursuant to Section 1332, a corporation shall be deemed a citizen of any state by which it is incorporated *155 as well as of the state in which it has its principal place of business. On this premise defendant argues there is no diversity of citizenship between plaintiffs and defendant consequently the Federal Court was without jurisdiction. Defendant also contends the action was improperly brought in the wrong venue inasmuch as the proper venue was the New Orleans Division, therefore, prescription was not interrupted by the mere filing of the suit because Act 31 of 1960, provides the mere filing of an action interrupts prescription only when the suit is instituted in a court of competent jurisdiction and in the proper venue.
In answer to defendant's contention that the Federal Court was without jurisdiction because of the provisions of Title 28 U.S. C.A. § 1332(c), plaintiffs argue the purpose of this particular provision of the Federal statute is "to correct the evil whereby the corporation, though locally owned and engaged in local business, was able to come into Federal Court as a party plaintiff because it had a charter in another state." In support of this contention, appellants quote the following from Barron & Holtzoff, Federal Practice and Procedure, Volume I, Section 26, Footnote 93.1, Page 142:
"The legislative history shows that this provision is intended to avoid `the evil whereby the local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the Federal Courts simply because it has obtained a corporate charter from another state'. Sen.Rep. No. 1830, 85th Cong., 2d Sess., 1958 U.S.Code Cong. and Adm.News, pp. 3099, 3101-3102."
Plaintiffs maintain the purpose of the statute is merely to prevent such a corporation from filing suit in Federal Court and to hold otherwise is to pervert the intent of 28 U.S.C.A. § 1332(c). In this regard appellants contend that in construing a statute its general purpose and the evil intended to be corrected must be considered by the courts. While we quite agree with learned counsel for appellants in the contention the intent of the statute is to be considered in its interpretation, we do not agree the statute must be interpreted merely as prohibiting such a corporation from filing an action in Federal Court and is without applicability as to suits filed against such a corporation before the Federal Judiciary.
U.S.C.A. Title 28, § 1332(c) reads in full as follows:
"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between
"(1) citizens of different States;
"(2) citizens of a State, and foreign states or citizens or subjects thereof; and
"(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.
"(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.
"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

*156 "(d) The word `States', as used in this section, includes the Territories, the District of Columbia, and the Commonweath of Puerto Rico."
The language of the statute appears to be clear and unambiguous. Without exception it provides that for the purposes of the section in question a corporation shall be deemed a citizen of any state by which it has been incorporated and of the state wherein its principal place of business is situated. Nothing in the statute suggests a person suing such a corporation is free to institute suit in federal court notwithstanding the corporation is precluded from so doing. The practical effect of the statute, as we view it, is to confer by legal fiction dual citizenship upon a corporation which though incorporated in one state has its principal place of business in another. Application of the statute not only obviates the possibility of such a corporation suing in federal court, it likewise precluded such a corporation from removing to a federal court an action filed against it in a state wherein it has its principal place of business. By the same token it eliminates suit against such a corporation in the state of its principal place of business inasmuch as it clearly provides such a corporation is deemed a citizen of both the state of its incorporation as well as that within which its principal place of business is situated. We believe it clear beyond doubt the Federal Court was without jurisdiction of the subject matter of controversy initially instituted by plaintiffs, consequently the mere filing of plaintiffs' suits therein did not interrupt prescription on plaintiffs' claims.
Appellants' final contention is that the lack of jurisdiction of the Federal Court was waived by defendant's appearing therein and moving to take plaintiff's deposition and change the venue to the New Orleans Division.
The well established principles regarding waiver of jurisdiction in Federal Courts is set forth in Volume 35 A C.J.S. verbo Federal Civil Procedure § 476, page 706, as follows:
"§ 476. In General
"Where a case is not with the general federal jurisdiction or, as otherwise stated, where jurisdiction of the subject matter or controversy is lacking, such want of jurisdiction is fatal at every stage of the proceeding. Such want of jurisdiction is not cured by the fact that jurisdiction of the person of defendant has been obtained, by a voluntary appearance, by the consent of the parties, or by waiver of the objection; and a party cannot be precluded from raising the question by any form of laches, waiver, or estoppel.
"As otherwise frequently stated, jurisdiction in such case cannot be conferred by the actions of the parties or by the consent of the parties; and it is also the rule that jurisdiction in such case cannot be conferred by waiver of the objection, estoppel, or collusion. The plaintiff cannot, by wrongfully invoking the jurisdiction of the court to do something that the court was powerless to do, endow the court with general jurisdiction or jurisdiction of the subject matter or controversy.
"The foregoing rules as to consent and waiver include objections based on want of requisite diversity of citizenship or on want of the requisite jurisdictional amount." (Emphasis added.)
From the foregoing it is patent that lack of jurisdiction of the Federal Courts over the subject matter or controversy involved cannot be waived by the parties nor can the consent or appearance of the parties confer such jurisdiction which is otherwise lacking. No action of defendant can operate as a waiver or estop defendant from asserting such lack of jurisdiction at any stage of the proceeding. See also Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338.
*157 The conclusions herein reached obviate the necessity of deciding defendant's contention prescription was not interrupted by the filing of the suit because plaintiff's suit in Federal Court was instituted in the improper venue.
We conclude the learned trial court properly sustained defendant's plea of prescription.
Affirmed.
REID, J., recused.