565 So.2d 1102 (1990)
Jerry A. PICKARD
v.
Craig L. BAUGH, M.D. Jerry A. PICKARD
v.
Craig L. BAUGH, M.D., et al.
Nos. 90-C-0419, 90-C-0521.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1990.
Richard B. Cappel, Raggio, Cappel, Chozen & Berniard, Lake Charles, for relator, Dr. Thomas H. McCalla, M.D.
Marc W. Judice, Juneau, Judice, Hill & Adley, Lafayette, for relator, Craig L. Baugh, M.D.
Harry T. Widmann, New Orleans and Anne Barker, Houma, for respondents.
Before GARRISON, BARRY and BECKER, JJ.
BECKER, Judge.
These consolidated cases pose the question as to whether the timely filing of a suit in a Federal jurisdiction interrupts prescription beyond the time limitation of a medical malpractice action ordinarily barred by L.S. A.-R.S. 9:5628.
On February 14, 1985, plaintiff injured his leg while working on a rig owned by his employer, Penrod Drilling. On February the 15th he sought medical treatment from Dr. Craig Baugh, at Terrebonne General Hospital in Houma. Dr. Baugh examined the injury and found no broken bones after taking an X-ray. Dr. Baugh diagnosed the injury as a bruise. Plaintiff returned to work but on the advice of Penrod's safety personnel he saw Dr. Thomas McCalla on February the 20th. Dr. McCalla diagnosed the injury as a hematoma and released plaintiff from further care. Plaintiff continued to have problems with the leg, and he went to Dr. Domingue on February 26, 1985. Dr. Domingue diagnosed the injury as a herniated muscle and recommended surgery which plaintiff subsequently underwent.
Plaintiff filed suit, under the Jones Act in federal court in Texas, against Penrod, Hufco Petroleum Corporation and Gulf Oil Corporation on July 30, 1985. On May 31, 1988, plaintiff filed a petition with the Louisiana Commissioner of Insurance against Dr. Baugh alleging medical malpractice. Plaintiff later filed suit in state court in Louisiana against Dr. Baugh on August 1, 1988. On October 12, 1988, in his first supplemental and amending petition, plaintiff joined Dr. McCalla as a party defendant and in a second supplemental and amending petition plaintiff alleged Dr. Baugh and Dr. McCalla were solidarily liable *1103 with the defendants in the Texas lawsuit.
Dr. Baugh and Dr. McCalla both filed a peremptory exception of prescription because more than three years had elapsed since they had treated plaintiff for his injury. The trial court denied the exception.
Drs. Baugh and McCalla complain the trial court erred in overruling their exception of prescription because under R.S. 9:5628 plaintiff filed his suit more than three years after his treatment and more than one year after plaintiff either knew or should have known of the alleged malpractice. They argue that the lawsuit filed in federal court in Texas did not interrupt prescription on plaintiff's claims because there was no jurisdiction over them in Texas and because the malpractice claim was a separate cause of action from the cause of action asserted in the Texas lawsuit. They further argue there is no solidarity between them and the defendants in the Texas lawsuit because the malpractice action is based on state law and the Texas suit is based on federal maritime law.
R.S. 9:5628 provides:
A. No action for damages for injury or death against any physician, chiropractor, dentist, psychologist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
Clearly, plaintiff's suit, on its face, has prescribed since it was filed more than three years from the date plaintiff was treated by Drs. Baugh and McCalla. However, under C.C. art. 3462 (formerly R.S. 9:5801):
"[p]prescription is interrupted * * * when the obligee commences action against the obligor in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."
C.C. art. 1799 provides that the interruption of prescription as to one solidary obligor is effective against all solidary obligors. See also C.C. art. 3503.
Relators argue the federal court in Texas was not a court of competent jurisdiction because there was no personal jurisdiction over them in Texas and because venue in Texas was not proper. This argument misconstrues, in part, C.C. art. 3462. C.C.P. art. 5251(4) defines a court of competent jurisdiction as "a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding." It does not include jurisdiction over the person. Moreover, the term "all defendants" as used in C.C. art. 3462 implies only the defendants who are named in the petition relied upon for the interruption of prescription. Bennett v. General Motors Corp., 420 So.2d 531 (La.App. 2d Cir.1982); Wicker v. Coca-Cola Bottling Co., 418 So.2d 1378 (La.App. 5th Cir.1982), writ denied 423 So.2d 1148 (La.1982). Thus, it is irrelevant whether the Texas federal court was a court of competent jurisdiction as to Relators since it was competent as to the named defendants in that lawsuit. Therefore, the Texas lawsuit interrupted prescription on plaintiff's claims against Dr. Baugh and Dr. McCalla, since the lawsuit at issue was commenced while the Texas lawsuit was still pending, if Dr. Baugh and Dr. McCalla and the Texas defendants were solidary obligors.
Relators argue they cannot be deemed solidary obligors with the Texas defendants because plaintiff is asserting two different causes of action, one based on state law, the other on federal law and both having different facts and theories of recovery.
A cause of action consists of the material facts which form the basis of the *1104 right claimed by the party bringing the action. Louviere v. Shell Oil Company, 440 So.2d 93, 95 (La.1983).
In Weber v. Charity Hosp. of Louisiana, 475 So.2d 1047 (La.1985), the plaintiff was injured when the car driven by her mother was struck by another car. The plaintiff was treated at Charity Hospital where she received a blood transfusion which caused her to develop hepatitis. In one suit, she sued Charity and the blood bank; and in another suit, she sued the driver of the other car and her mother's liability and UM insurer. The plaintiff settled her claim against her mother's insurer and released the insurer and her mother while specifically reserving her rights against the other driver but not against Charity and the blood bank. The trial court held that because Charity and the blood bank were solidarily liable with the plaintiff's mother and her insurer the release did not operate as a discharge. With regard to solidary liability, the Supreme Court stated:
The duty on the host driver to refrain from causing injury to another by the negligent operation of her vehicle encompassed the risk that the tort victim's injuries might be worsened by the treatment for those injuries. Moreover, there is an ease of association between the injury and the rule of law which gave rise to the duty. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). We therefore conclude that the host driver was liable for any damages resulting from the blood transfusion, along with any other parties whose fault caused Gaynell Weber to contract hepatitis.
We further conclude that Shirley Weber's insurer's liability for any damages resulting from the blood transfusion was solidary with any liability on the part of Charity and IBB. Even though the liability sought to be imposed on Charity and IBB was only for those damages which resulted from the blood transfusion and did not extend to the injuries suffered in the automobile accident, the host driver would still be solidarily liable with Charity and IBB to the extent of the damages sought in the present action. In Narcise v. Illinois Central Gulf Railroad, 427 So.2d 1192 (La.1983), this court held that two defendants may be solidarily liable for those damages for which plaintiff can compel either to pay, even though other elements of damages may be recoverable only against one of the defendants. It is the coextensiveness of the obligations for the same debt, and not the source of liability, which determines the solidarity of the obligation. Id., 475 So.2d at 1050-1051.
Touchstone v. Land & Marine Applicators, Inc., 628 F.Supp. 1202 (E.D.La.1986), held that the filing of a Jones Act claim against the employer interrupted prescription on the plaintiff's Louisiana products liability claims against various manufacturers because they were joint tortfeasors.
In Billiot v. American Hosp. Supply Corp., 721 F.2d 512 (5th Cir.1983), the plaintiff filed suit in products liability against several manufacturers when a breast prosthesis burst. She later amended the suit to add as a defendant the doctor who implanted the prosthesis more than three years after the operation. The filing of the products liability action interrupted prescription on the malpractice action because the manufacturers and the doctor were solidary obligors even though their liability arose out of different acts.
Therefore, there is solidary liability between Relators and the Texas defendants even though their liability is based on different facts and pertinent law.
The trial court did not err in overruling the exception of prescription, and accordingly, these writs are denied.
DENIED.