PER CURIAM.
This writ application is again before this court on remand from the Louisiana Supreme Court “for briefing, argument and opinion” 577 So.2d 42. On original hearing, we declined to exercise our supervisory jurisdiction on the showing made by rela-tors. For the following reasons, we adhere to our original disposition of this matter, and remand the case to the trial court for further proceedings.
The pertinent facts are these. Frank T. Cacioppo, Jr., plaintiff, was in an automobile collision on. May 24, 1983. He underwent surgery at Alton Ochsner Medical Foundation Hospital for head injuries he suffered in this accident, and allegedly was treated by four physicians, all made defendants here. It is urged that during this surgery the blood supply to the spinal cord was negligently interrupted, causing injury to the cord and resulting in paralysis of plaintiffs lower body.
On October 10, 1983, plaintiff filed suit against the other driver and his insurer. None of the present defendants were parties to that action. On November 13, 1986, plaintiff was awarded $299,000, by a jury. For reasons not of record, in December, 1986, plaintiff settled with the defendants for $200,000, and filed a motion to dismiss the case, which was granted on January 30, 1987.
Then, on October 19, 1988, some twenty-one months after dismissal of the first suit, plaintiff instituted the present action against the hospital and the four physicians. He alleged that he did not discover this potential malpractice claim until less than one year before bringing this action. These defendants urged an exception of prescription, which was overruled by the trial court. No reasons for this judgment appear in the record. Defendants then filed the present writ application seeking reversal of the trial court’s ruling and dismissal of plaintiffs suit.
Plaintiffs theory in the trial court and here as to why this medical malpractice claim has not prescribed is briefly set forth as follows. He contends in papers of record that he did not discover this malpractice claim until September or October of 1988, less than two months before instituting this action. He argues that the original tort defendants and the present defendants are, or were, solidary obligors, and therefore that the original suit interrupted prescription as to the present defendants, citing Erdey v. American Honda Co., Inc., 415 So.2d 449 (La.App. 1st Cir.1982); see also Pickard v. Baugh, 565 So.2d 1102 (La.App. 4th Cir.1990).
He further contends that under La.Civ. Code, arts. 3462 and 3466, the first suit interrupted prescription, and once that suit was resolved on January 30,1987, prescription commenced to run anew as of that date. He finally asserts that La.R.S. 9:5628 provides a three year prescriptive period within which to file a medical malpractice claim if that claim was not previously discovered, citing Crier v. Whitecloud, 486 So.2d 713 (La.1986). His conclusion is that the three year prescriptive period of La.R.S. 9:5628 commenced anew as of January 30, 1987, and his discovery of the claim and bringing of the action prior to January 30, 1990, renders that action timely.
The defendants, relators here, advance two arguments, either of which in their opinion is fatal to plaintiffs case. They first submit that even if, arguendo, prescription recommenced as of January 30, 1987, plaintiff had only one year pursuant to La.R.S. 9:5628, to bring suit because he was either aware that his paralysis was a result of the surgery within months of his treatment, or he necessarily discovered this fact, during the course of the prior litiga *394 tion when all of his medical records were provided to his attorney by the present defendants. Their second argument is that while the three year prescription is interrupted by filing of suit against a solidary obligor, once such a suit is terminated the three year period does not commence to run anew, but rather only the one year period of the statute does so, and therefore whether or not plaintiff was aware of this action, it prescribed on January 31, 1988, nine months before institution of this action.
This brings us to what we perceive as the crux of the case. On the record before us, it does not appear that the trial judge has yet made a factual determination as to when plaintiff discovered that his paralysis was related to the surgery rather than being a direct consequence of injuries received in the accident. Excerpts of depositions included in the record here are conflicting. ■ Plaintiffs father states that he was informed by a doctor shortly after the surgery that the paralysis was due to that surgery. One doctor also stated that he informed plaintiff on several occasions during his recovery that his paralysis was the result of that surgery. Plaintiffs own deposition testimony appears ambivalent on this point.
In this court’s opinion, if it is determined that plaintiff was aware of the connection between the surgery and his resulting paralysis at any time before the first suit was dismissed, then even assuming that prescription commenced anew against the present defendants upon termination of that suit, the one year limitation of La.R.S. 9:5628 would clearly bar this action. On the other hand, if it is determined that plaintiff in fact discovered this action in September or October of 1988, only then would it be necessary to resolve the question of whether the three year prescription also commenced anew. As far as we can determine, that issue is res nova, and in our opinion the posture of this case is not now such as to require its resolution. It was for these reasons that we originally declined to exercise our supervisory jurisdiction, and nothing in the parties’ briefs convinces us to do so now.
For the foregoing reasons, the writ is denied.
KLIEBERT, J., concurs.