KALISTE J. SALOOM, Jr., Judge Pro Tern.
Plaintiffs, John Paul Younger and Susan Younger, appeal from the trial court’s ruling maintaining an exception of prescription in favor of defendant, Hamilton Medical Center. We affirm.
On April 25, 1989, plaintiff, John Paul Younger, sustained injuries in a fall from an exhaust stack while employed by Marshall Industries on the motor vessel Mr. Jeffrey. He was taken for treatment to Hamilton Medical Center in Lafayette, Louisiana. Two days later on April 27, 1989, Younger could not stand due to pain from his injuries. Hamilton’s attendants attached a chair to the wall of the shower and placed Younger on it. The chair collapsed causing Younger to fall to the floor where he allegedly suffered further low back injuries.
A petition for damages and loss of consortium was filed by plaintiffs against Marshall Industries, Inc., and the motor vessel Mr. Jeffrey on October 16, 1989. This petition was timely. On May 17, 1990, Marshall Industries filed a third party demand against Hamilton for indemnification and contribution. Plaintiffs filed a supplemental and amending petition on May 25, 1990, naming Hamilton as a defendant. On April 22, 1991, Hamilton filed a peremptory exception of prescription to plaintiffs’ amended petition. Following a hearing on the exception, the trial court granted judgment in favor of Hamilton dismissing plaintiffs’ demands against it. This judgment of the trial court is presently before us.
Plaintiffs maintain that defendants, Marshall and Hamilton, are liable in solido. Therefore, pursuant to LSA-C.C. art. 1799 the interruption of prescription against Marshall is effective as to Hamilton.
Hamilton argues that there is no solidary liability in this case, because there were two separate and distinct accidents. Therefore, Hamilton claims that the obligations owed by the respective defendants were not for the “whole performance” as required by LSA-C.C. art. 1794. Hamilton claims that since there is no solidary obligation, plaintiffs timely filed petition against Marshall and the motor vessel Mr. Jeffrey did not interrupt prescription as to Hamilton.
We note in our jurisprudence that where a plaintiff’s petition shows on its face that the prescriptive period has run, the burden is upon the plaintiff to prove interruption of prescription. Arable v. Northwest Mining Corp., 567 So.2d 788 (La.App. 3d Cir.1990). In the case sub judice plaintiff’s contend that Hamilton became solidarily liable with the original defendants when on April 27, 1989, Younger was additionally injured by the collapsed shower chair on which he was seated at the Hamilton facility. Plaintiffs further contend that their timely-filed lawsuit against the original tortfeasors interrupted the running of prescription on their claim against the remaining tortfeasor, Hamilton.
The following Civil Code articles are relevant in this case:
Art. 1794. Solidary obligation for obli-gors
An obligation is solidary for the obli-gors when each obligor is liable for the whole performance. A performance ren *1005 dered by one of the solidary obligors relieves the others of liability toward the obligee.
Acts 1984, No. 331, § 1.
Art. 1797. Solidary obligation arising from different sources
An obligation may be solidary though it derives from a different source for each obligor.
Acts 1984, No. 331, § 1.
Art. 1799. Interruption of prescription
The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs.
Acts 1984, No. 331, § 1.
Plaintiffs argue that Weber v. Charity Hospital of Louisiana, 475 So.2d 1047 (La.1985), is dispositive of the issues presented in this case. Basically, in the Weber case, the Supreme Court held “a tortfeasor may be liable not only for the injuries he directly causes to the tort victim, but also for the tort victim’s additional suffering caused by inappropriate treatment by the doctor, nurse or hospital staff member who treats the injuries directly caused by the tortfea-sor.” See also Restatement (Second) of Torts, § 457 (1965) and the comments thereunder; and Hudgens v. Mayeaux, 143 So.2d 606 (La.App. 3d Cir.1962). In Weber and its progeny, the original tortfeasor and the negligent physician or hospital become in solido liable for damages where there is a causal connection between the original injury and the subsequent negligent treatment. See Pickard v. Baugh, 565 So.2d 1102 (La.App. 4th Cir.1990) and Maxwell v. Soileau, 561 So.2d 1378 (La.App. 2d Cir. 1990).
In the case sub judice, we do not find the necessary causal connection between the original tort and the subsequent hospital accident. We specifically find that the second injury from the collapse of a wall-chair in a hospital shower has no causal relation to or is the probable consequence of the original tort. This was not a treatment related incident. Therefore, we conclude there is no in solido liability between the original defendants and Hamilton Medical Center.
We note in a recent case, not necessarily applicable to the present case, the Louisiana Supreme Court, in application of the Medical Malpractice Act under LSA-R.S. 40:1299.41 et seq., the collapse of a hospital bed was not integral to the rendering of treatment for injuries. Sewell v. Doctor’s Hospital, 600 So.2d 577 (La.1992).
We conclude that Hamilton is not solidarity liable with the original tortfeasors, Marshall Industries, Inc., et al., since the accident was not treatment related as in Weber. Nor was prescription interrupted as to the injured employee’s demand against Hamilton by the filing of a third party action by Marshall Industries, Inc. on May 17, 1990.
For the above assigned reasons, we find no error in the trial court’s ruling. All costs are assessed against appellants.
AFFIRMED.