|,KUHN, J.
Plaintiffs-appellants, the surviving spouse and children of decedent Loveless R. Nelson, appeal the judgment dismissing their lawsuit against defendant-appellee, W.R. Grace & Co.-Conn. (“Grace & Co.”), based on the trial court’s conclusion that their claims against Grace & Co. have prescribed.[1] We reverse and remand.
On January 28, 1993, Loveless R. Nelson was diagnosed with asbestos-related lung cancer from which he died on November 13, 1993. Although this record does not contain any of the contents of the record in the earlier state court litigation, the parties are in agreement that in March 1993, Loveless Nelson filed a petition for damages in the Nineteenth Judicial District Court of the State of Louisiana (“the state suit”)[2] and named GAF Corporation (“GAF”) as a defendant. The state suit averred GAF’s liability was as a manufacturer of products that contained asbestos to which Loveless Nelson was exposed. Additionally, the parties agree that GAF was a member of the Center for Claims Resolution (“CCR”), which was involved in class certification litigation in federal district court.[3] Pursuant to the issuance of an injunction under the All-Writs Act, | a28 U.S.C. § 1651,[4] the federal court judge for the Eastern District of Pennsylvania overseeing the CCR litigation, having determined that class certification of claimants therein was appropriate, restrained class members, their attorneys and all other persons acting in concert with them from initiating or pursuing their asbestos-related personal injury or death actions against any CCR defendant in any court other than that federal district court. The par *298 ties likewise agree that the state suit against GAF was within the scope of the federal court injunction and in accordance with the terms of that injunction, the state suit was dismissed without prejudice. The record does not establish the date of that dismissal.
On appeal, a panel of the Third Circuit, United States Court of Appeals, concluded that class certification was not appropriate, reversed the federal district court determination and vacated the All-Writs Act injunction which had barred class members from initiating or maintaining claims against any CCR defendant in other courts. Georgine v. Amchem Products, Inc., 83 F.3d 610, 635 (3d Cir.1996), affirmed sub nom. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (rendered on June 25, 1997). On December 16, 1997, plaintiffs filed their petition for damages in this matter, re-urging as a survival action the claims asserted in the March 1993 state suit against GAF, asserting entitlement to damages for the wrongful death of the decedent, and naming additional defendants, including defendant Grace & Co., as an alleged manufacturer of some of the “asbestos-containing products” to which decedent had been exposed.
l4On March 11, 1998, Grace & Co. filed a peremptory exception raising the objection of prescription. After a hearing, without articulation of its reasons, the trial court granted the exception. A judgment dismissing plaintiffs’ claims against Grace & Co. was signed on May 6, 1998. From that judgment, plaintiffs appeal.[5]
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. However, when the plaintiffs petition shows on its face that the prescriptive period has run, and the plaintiff relies upon a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption. Tranum v. Hebert, 581 So.2d 1023, 1029-30 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991).
Plaintiffs’ claims against Grace & Go. constitute a delictual action which is subject to a liberative prescription of one year. La. C.C. art. 3492. The interruption of prescription against one solidary obligor is effective against all solidary obli-gors and their heirs. La. C.C. art. 1799. Prescription is interrupted when the obli-gee commences action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463. If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption. La. C.C. art. 3466.
Plaintiffs filed their petition on December 16, 1997, averring that Grace & Co. was solidarity liable to them, along with GAF, for damages for the wrongful death and survival action of Loveless Nelson who died on November 13, 1993. Thus, based on the | Ballegations of their petition, plaintiffs had until November 13, 1994, to timely assert their claims against Grace & Co. Because the face of their petition shows that prescription had already accrued, plaintiffs bore the burden of proving a suspension or interruption of prescription.
The state suit filed in March 1993 interrupted prescription against GAF as well as all others solidarity liable to plaintiffs, and that interruption continued while the state suit was pending. La. C.C. arts. 1799, 3462 and 3463. While the state suit was pending, plaintiffs and GAF became parties to the federal litigation. Although the record does not establish the date of the *299 dismissal of the state suit, it is clear that the sole reason for the dismissal was that plaintiffs were bound, as parties to the federal litigation, to obey the federal district court order. Thus, the record establishes that plaintiffs had suits pending simultaneously in both federal and state court, and that when the state suit was dismissed, the federal litigation remained pending. Therefore, even if the dismissal of the state suit discontinued the interruption of prescription accomplished by the filing of the state suit in March 1993, interruption of prescription nevertheless continued because the federal litigation was still pending. See Pickard v. Baugh, 565 So.2d 1102, 1103 (La.App. 4th Cir. 1990).
Louisiana Code of Procedure article 5251(4) defines a court of competent jurisdiction as “a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding.” It does not require jurisdiction over the person. Pickard v. Baugh, 565 So.2d at 1103. Thus, it is irrelevant whether the federal court was a court of competent jurisdiction as to Grace & Co. since it was competent as to GAF, a named defendant in that lawsuit. Therefore, the federal lawsuit continued the interruption of prescription on plaintiffs’ claims against a co-solidary obligor, such as ■ Grace & Co., which had been initially interrupted by the March 1993 state suit. Because prescription Rruns anew from the last day of interruption under La. C.C. art. 3466, and under La. C.C. art. 3492 the operative prescriptive period in this ease is one year, plaintiffs’ petition in this matter filed approximately six months after the U.S. Supreme Court’s decision (affirming the decree that vacated the federal injunction which had precluded plaintiffs from maintaining the state court suit) timely asserts their claims against Grace & Co., whom they alleged to be a solidary obligor with GAF. Thus, the trial court’s conclusion that plaintiffs’ claims against Grace & Co. have prescribed is erroneous.
For these reasons, the trial court’s judgment dismissing the claims of plaintiffs, the surviving spouse and children of decedent, Loveless R. Nelson, is reversed. This matter is remanded for further proceedings. All costs of this appeal are assessed against defendant, W.R. Grace & Co.-Conn.
REVERSED AND REMANDED.

. See Nelson v. Armstrong World Industries, 98-1747 (La.App. 1st Cir.1 1/5/99) (an unpublished opinion) also rendered this date.

. Although the record fails to establish that plaintiffs were properly substituted as parties under La. C.C.P. art. 801 to the state suit filed by Loveless Nelson, Grace & Co. does not challenge their right to assert this litigation. We find nothing in the record casting doubt on the allegations of fact in plaintiffs’ petition which state decedent was married but once to plaintiff Jewell Nelson, and that the remaining plaintiffs are the children born of that marriage. See La. C.C. art. 2315.1. In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Our Lady of the Lake Hasp. v. Vanner, 95-0754, p. 3 (La.App. 1st Cir.12/15/95), 669 So.2d 463, 464, cert. denied, 525 U.S. 818, 119 S.Ct. 57, 142 L.Ed.2d 45 (1998).

. See Georgine v. Amchem Prods., Inc., 878 F.Supp. 716 (E.D.Pa.1994) and Georgine v. Amchem Prods., Inc., 1995 WL 561297 (E.D.Pa.1995) (an opinion which was not published in the Federal Supplement). See also Georgine v. Amchem Prods., Inc., 83 F.3d 610 (3d Cir.1996), affirmed sub nom. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997), for a more detailed explanation of the CCR litigation.

. The relevant provisions of 28 U.S.C. § 1651 provide:
(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
See also 28 U.S.C. § 2283 (allowing a federal court to issue an injunction to stay proceedings in a state court under 28 U.S.C. § 1651).

. Although the judgment rendered in this case disposes of plaintiffs' claims to less than all the parties, all parties stipulated that pursuant to La. C.C.P. art. 1915(B)(1), they agreed that the judgment be designated and considered a final judgment.