## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-312

MITCHELL NAVARRE

VERSUS

PROSPER OPERATORS, INC., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-19624
HONORABLE PENELOPE RICHARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Jonathan W. Perry, Judges.

**REVERSED AND REMANDED.**

**Kevin L. Camel**
**Cox, Cox, Filo, Camel & Wilson, LLC**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Mitchell Navarre**

**Charles A. Mouton**
**Mahtook & Lafleur, L.L.C.**
**P. O. Box 3089**
**Lafayette, LA 70502**
**(337) 266-2189**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Texas Petroleum Investment Company**

**Kelly F. Walsh**
**L. Lane Roy**
**Brown Sims, P.C.**
**1100 Poydras Street, 39th Floor**
**New Orleans, LA 70163**
**(504) 569-1007**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Prosper Operators, Inc.**

**KYZAR, Judge.**

The plaintiff, Mitchell Navarre, appeals from a trial court judgment sustaining a peremptory exception of prescription in favor of the defendant, Texas Petroleum Investment Company, dismissing his claim against it with prejudice. For the reasons assigned herein, we reverse the decision of the trial court and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

According to his original and supplemental and amending petitions, Mr. Navarre a pumper/gauger/operator with Prosper Operators, Inc. (Prosper), was injured when he jumped from a fixed platform owned by Texas Petroleum Investment Company (Texas Petroleum) to a twenty-five-foot jo-boat, the M/V *Amber*.[1]

On June 14, 2015, Mr. Navarre was ordered to perform work on Texas Petroleum's fixed platform, which was located on Sweet Lake in Cameron Parish. At the time, Sweet Lake was experiencing a dangerous sea state of approximately four feet as a result of Tropical Storm Bill. Mr. Navarre alleged that when he pulled alongside the platform, he was unable to moor the M/V *Amber* as the platform lacked mooring bitts, cleats, or other means by which to secure the vessel to the platform. Thus, he alleged that he was required to leave the M/V *Amber* in gear so that it maintained contact with the platform. He claimed that at some point the M/V *Amber* lost contact with the platform and started to drift away. Rather than be stranded on the platform, Mr. Navarre jumped from the platform to the vessel, suffering injuries to his neck, back, and left foot as a result.

---

[1] The vessel was described as a twenty-five-foot jo-boat in Mr. Navarre's original petition and then as a twenty-four-foot jo-boat in his supplemental and amending petition. Prosper described the vessel as a twenty-one-foot jo-boat in its Verified Complaint for Exoneration or Limitation of Liability filed in federal court.

On April 7, 2016, Mr. Navarre, as a Jones Act seaman, filed suit against Prosper in the Thirty-Eighth Judicial District Court in Cameron Parish, via the saving to suitors clause,[2] alleging general maritime claims of negligence and unseaworthiness against Prosper. Prosper answered Mr. Navarre's petition, alleging numerous defenses including that Mr. Navarre was not a seaman and that it was entitled to limit its liability to the value of the M/V *Amber* pursuant to 46 U.S.C. § 181 et seq.[3]

Thereafter, on September 28, 2016, Prosper filed an action in the United States District Court for the Western District of Louisiana, seeking to limit its liability to Mr. Navarre to the value of the M/V *Amber* pursuant to 46 U.S.C. § 30505.[4] Prosper alleged that although it was the operator, it was not the owner of the M/V *Amber*. It further claimed that the M/V *Amber* was valued at no more than $20,000.00. As a result of this action, the federal court issued the following stay order on October 19, 2016:

> The commencement of and the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits, or proceedings of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against the Petitioner as aforesaid, or against the M/V AMBER, or their liability insurers or against any property of the Petitioner except in this action, to recover damages for or in respect of any injury, loss, destruction and/or damages caused by or resulting from the aforesaid event as alleged in the Complaint, be and they are hereby restrained, stayed and enjoined until the hearing and determination of this action[.]"

---

[2] 28 U.S.C. § 1333. This provision permits a plaintiff to bring a maritime claim in either federal or state court.

[3] Pursuant to Pub.L. 109-304, Section 6(c), October 6, 2006, 120 Stat. 1512-1516, §§ 181-190 of Chapter 305—Exoneration and Limitation of Liability were redesignated as 46 U.S.C. §§ 30501-30512. Accordingly, we will cite to the law in effect at the time of Mr. Navarre's accident.

[4] The liability of the owner of a vessel for claims, debts, or liability for certain described conduct shall not exceed the value of the vessel and pending freight.

On September 5, 2019, the federal district court judge dismissed Prosper's suit, without prejudice, based on insufficient service. Two days prior to this dismissal, Mr. Navarre fax filed a Motion for Leave of Court to File Plaintiff's First Supplemental and Amending Petition for Damages, with the hard copy being received by the Clerk of Court of the Thirty-Eighth Judicial District Court on September 6, 2019. His motion to file the supplemental and amending petition was granted by the trial court on September 11, 2019.

Mr. Navarre's supplemental and amended petition reiterated his claims against Prosper, added Texas Petroleum as a defendant, and alleged the following negligence claims against Texas Petroleum:

a.  Failing to maintain its well heads in a safe condition;

b.  Failing to install mooring bitts to allow for secure mooring of vessels;

c.  Allowing operations to be conducted in its field under dangerous weather conditions;

d.  Dispatched employee on mission under unreasonably dangerous sea conditions;

e.  Failed to provide sufficient means of mooring vessel;

f.  Failed to provide an adequate crew;

g.  Is liable for any other acts of negligence known only to the defendant which may be discovered prior to the trial of this cause.

In response to Mr. Navarre's supplemental and amending petition, Texas Petroleum filed a peremptory exception of prescription, arguing that Mr. Navarre's claims against it had prescribed. It argued that because the three-year statute of limitation applicable to general maritime law governed, Mr. Navarre's September 3, 2019 claim based on his June 14, 2016 accident was prescribed.

Mr. Navarre opposed Texas Petroleum's exception, arguing that his claim was not barred by prescription because the tort upon which it was based occurred on a fixed platform, which was governed by Louisiana rather than general maritime law. Thus, he argued that his suit against Texas Petroleum was timely because under Louisiana law, a suit against a joint tortfeasor interrupted prescription as to all other joint tortfeasors. In the alternative, Mr. Navarre argued that even if his claim was governed by maritime law, the injunction imposed by the federal court in Prosper's limitation action barred him from amending his state court petition. Thus, he argued that pursuant to the federal doctrine of equitable tolling, his claim against Texas Petroleum was timely.

Following a hearing on the exception, the trial court sustained Texas Petroleum's exception of prescription and dismissed Mr. Navarre's claim against it with prejudice. A final judgment was rendered in this matter on February 11, 2020. Thereafter, Mr. Navarre perfected this appeal.

On appeal, Mr. Navarre asserts two assignments of error:

1.  The district court erred in granting the exception of prescription and dismissing defendant Texas Petroleum Investment Company when plaintiff Mitchell Navarre timely filed suit against defendant Prosper Operators, Inc. and Texas Petroleum and Prosper Operators are joint tortfeasors.

2.  Alternatively, the district court erred in granting the exception of prescription and dismissing defendant Texas Petroleum Investment Company when plaintiff Mitchell Navarre was enjoined by order of the federal court from taking any action in the state court action.

**OPINION**

"The rules of prescription are designed to prevent old and stale claims from being prosecuted." *Wells v. Zadeck*, 11-1232, p. 7 (La. 3/30/12), 89 So.3d 1145, 1149. The peremptory exception of prescription, provided by La.Code Civ.P. art. 927, may be pleaded at any time in the proceedings, and "evidence may be

4

introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931.

On appeal, the standard of review applied by the reviewing court is based on whether evidence was introduced at the hearing on the peremptory exception. If no evidence was introduced, the reviewing court simply determines whether, based "upon the facts alleged in the petition with all of the allegations accepted as true[,]" the judgment sustaining or overruling the exception was legally correct. *Lomont v. Bennett*, 14-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627, *cert. denied*, __ U.S. __, 136 S.Ct. 1167 (2016). If evidence was introduced, the judgment is reviewed pursuant to the manifest error-clearly wrong standard of review. *Id.* In this instance, although both parties attached exhibits to their memorandums, none of these exhibits were formally introduced into the record at the hearing on the exception. Accordingly, we must determine whether the trial court was legally correct in sustaining the exception based upon the facts alleged in Mr. Navarre's petition, with all of the allegations accepted as true.

The major issue in this appeal is whether federal substantive maritime law, which Mr. Navarre invoked pursuant to his claim against Prosper through the saving to suitors clause, applies to his claim against Texas Petroleum. We find that it does not.

While it is true that "[w]ith admiralty jurisdiction comes the application of substantive admiralty law[,]" the United States Supreme Court has held that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864, 106 S.Ct. 2295, 2298-99 (1986); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938).

In this instance, accepting the allegations contained in his supplemental and amending petition as true, Mr. Navarre's claim against Prosper invoked federal jurisdiction pursuant to 28 U.S.C. § 1333(1). However, his claim against Texas Petroleum does not invoke federal jurisdiction because the accident occurred on a fixed platform located in navigable waters within Louisiana's boundaries. In *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 360, 89 S.Ct. 1835, 1839-40 (1969), the Supreme Court stated that accidents involving fixed platforms, otherwise known as artificial islands, "had no more connection with the ordinary stuff of admiralty than do accidents on piers. Indeed, the Court has specifically held that drilling platforms are not within admiralty jurisdiction. Phoenix Construction Co. v. The Steamer Poughkeepsie, 212 U.S. 558, 29 S.Ct. 687, 53 L.Ed. 651, *affirming*[,] 162 F. 494 (D.C.1908)."

Even if the matter were heard in federal court, Louisiana law would still apply to the Texas Petroleum claim because the claims against Prosper and Texas Petroleum "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966). Thus, a federal court hearing this matter could exercise supplemental jurisdiction over the Texas Petroleum claim even though it fails to satisfy an independent basis of federal subject matter jurisdiction. 28 U.S.C. § 1367. However, the Texas Petroleum claim would be governed by state substantive law. *Erie*, 304 U.S. 64; 13D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3567 (3d ed. 2019).

As noted by Justice O'Connor, in her concurring opinion in *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 548, 115 S.Ct. 1043, 1055 (1995):

I concur in the Court's judgment and opinion. The Court properly holds that, when a court is faced with a case involving multiple tortfeasors, some of whom may not be maritime actors, if *one* of the putative tortfeasors was engaged in traditional maritime activity alleged to have proximately caused the incident, then the supposedly wrongful activity "involves" traditional maritime activity. The possible involvement of other, nonmaritime parties does not affect the jurisdictional inquiry as to the maritime party. *Ante*, at 1051-1052. I do not, however, understand the Court's opinion to suggest that, having found admiralty jurisdiction over a particular claim against a particular party, a court *must* then exercise admiralty jurisdiction over *all* the claims and parties involved in the case. Rather, the court should engage in the usual supplemental jurisdiction and impleader inquiries. See 28 U.S.C. § 1367 (1988 ed., Supp. V); Fed.Rule Civ.Proc. 14; see also *ante*, at 1047. I find nothing in the Court's opinion to the contrary.

*See also* David W. Robertson, *Admiralty Jurisdiction Over One Co-Tortfeasor Cannot Effectuate Admiralty Jurisdiction Over Another*, 37 J. Mar. L. & Com. 161 (April 2006).

Accordingly, we find that Louisiana substantive law applies to Mr. Navarre's claim against Texas Petroleum. We will now review the exception of prescription pursuant to Louisiana law.

Louisiana "[d]elictual actions are subject to a liberative prescription of one year." La.Civ.Code art. 3492. Prescription is interrupted "when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." La.Civ.Code art. 3462. "An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending." La.Civ.Code art. 3463. It is settled that Louisiana has done away with the principle of solidarity of obligations for joint tortfeasors except in the case of those who conspire together to cause injury, loss, or damage. La.Civ.Code art. 2324(A). Under the present law, joint tortfeasors, two or more defendants who together cause injury, loss, or damage, are liable only for their own degree of fault.

7

La.Civ.Code art. 2324(B). "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." La.Civ.Code art. 2324(C).

In *Taylor v. Liberty Mutual Insurance Co.*, 579 So.2d 443, 445-46 (La.1991), the Louisiana Supreme Court stated:

> Under article 3462 of the Civil Code prescription is interrupted when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. After considering the plain words of the article, legislative history, doctrinal opinion and jurisprudential interpretation, we conclude that such a suit has the same interruptive effect whether it is filed in a federal, Louisiana or another state's forum, if the suit is properly and timely filed under the laws of the forum.
>
> Prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue. La.Civ.Code art. 3462. A court of competent jurisdiction is a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding. La.Code Civ.P. art. 5251(4). Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings and to render a valid and definitive judgment. La.Code Civ.P. arts. 2-3. The clear and simple words of the statutes indicate that an obligee's action against his obligor timely brought in a court of competent jurisdiction and venue in Louisiana or another state will interrupt prescription.
>
> The legislative history and doctrine also indicate that this is the meaning of article 3462. Following the French law, the early Louisiana codes provided for a legal interruption of prescription through the service of citation to appear before a court of justice. La.Civ.Code arts. 50, 52 (1808); La.Civ.Code arts. 3482, 3484 (1825); La.Civ.Code art. 3518 (1870); C.Civ. arts. 2242, 2244-2246 (1804). Subsequently, the legislature by Act 39 of 1932 enacted La.R.S. 9:5801, which provided for the interruption upon the mere filing of suit in a court of competent jurisdiction, in order to relieve a party having a cause of action from the responsibility for delay in the service of citation. See *Taglialavore v. Ellerbe*, 149 So. 296, 297 (La.App. 2nd Cir.1933); Comment, Interruption of Prescription by Judicial Action in Louisiana, 14 Tul.L.Rev. 601, 602, 605 (1940). Under Act 39 of 1932, the filing of a suit in a competent court outside Louisiana was sufficient to interrupt prescription. *Kozan v. Comstock*, 270 F.2d 839, 845 (5th Cir.1959); see also *Rhinehart v. Doswell*, 23 La. 662, 6 La.Ann. 766 (1851). Additionally, there was doctrinal opinion to the effect that the courts should consider such a proceeding in a foreign forum an interruption of prescription, for there was nothing in the statutes which indicated that their application was restricted to suits filed in Louisiana courts. Comment, Interruption of

8

Prescription by Judicial Action in Louisiana, supra at 603.; see also *Kozan v. Comstock*, supra.

Accordingly, it has become well settled that prescription may be interrupted under article 3462 by the timely filing of a suit in a court of competent jurisdiction and venue, regardless of whether it is a federal, Louisiana or another state court. See *Board of Commissioners v. Toyo Kisen Kaisha*, 163 La. 865, 113 So. 127 (1927); *Rhinehart v. Doswell*, supra; *Pickard v. Baugh*, 565 So.2d 1102 (La.App. 4th Cir.1990); *LaFargue v. St. Amant*, 433 So.2d 1061 (La.App. 5th Cir.1982); *Hidalgo v. Dupuy*, 122 So.2d 639 (La.App. 1st Cir.1960); *Driscoll v. New Orleans Steamboat Co.*, 633 F.2d 1158 (5th Cir.1981); *Kozan v. Comstock*, supra; *Scharff v. Cameron Offshore Services*, 475 F.Supp. 48 (W.D.La.1979).

In this instance, Mr. Navarre's accident, which occurred on June 14, 2015, was, as alleged in the petiton, caused by the joint liability of Prosper and Texas Petroleum. He initially filed suit against Prosper on April 7, 2016, within the three-year prescriptive period applicable to a maritime action for personal injury or death, 46 U.S.C. § 30106, as well as the one-year prescriptive period provided by La.Civ.Code art. 3492. In filing suit against Prosper, Mr. Navarre invoked the saving to suitors clause. As stated by Professor Schoenbaum, "the saving to suitors clause institutes concurrent federal-state jurisdiction over *in personam* admiralty actions, so that an admiralty plaintiff in an *in personam* claim may choose between filing an ordinary civil action or bringing a 'libel' in admiralty." 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 4:2 (6th ed. 2018).

Because the Thirty-Eighth Judicial District Court exercised concurrent jurisdiction over Mr. Navarre's admiralty action, it was a court of competent jurisdiction and venue to hear this matter. Therefore, Mr. Navarre's suit against Prosper was sufficient to interrupt prescription against Texas Petroleum pursuant to La.Civ.Code art. 2324(C), even though his action sounded in admiralty law. Thus, we find that the trial court legally erred in sustaining Texas Petroleum's peremptory exception of prescription. Accordingly, the trial court judgment is

9

reversed, and the matter is remanded to the trial court for further proceedings. Based on our finding, Mr. Navarre's second assignment of error is rendered moot.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court sustaining Texas Petroleum Investment Company's peremptory exception of prescription is reversed, and the matter is remanded to the trial court for further proceedings. The costs of this appeal are assessed to Texas Petroleum Investment Company.

**REVERSED AND REMANDED.**